## 8441.  TRIMBLE *v.* CITY OF ATLANTA.

The evidence did not authorize a conviction by the recorder's court on the
charge of disorderly conduct, and the judge of the superior court erred
in overruling the certiorari.

DECIDED MARCH 23, 1917.

Certiorari; from Fulton superior court—Judge Bell.  January
17, 1917.

*Ralph McClelland,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

LUKE, J.  The evidence upon which the defendant was convicted
of the offense of disorderly conduct, under an ordinance of the City
of Atlanta, is as follows:  E. L. Jett, sworn in behalf of the city,
testified as follows: that he was assistant chief of police for the
City of Atlanta; that on Saturday night, on the corner of Ala-
bama and Broad streets, he arrested W. N. Trimble, and that all
he saw W. N. Trimble do was that he seemed to have hold of the
conductor, who was an employee of the Georgia Railway and Power
Company; that he did not see him hollering or doing any other
acts that might be termed disorderly.  L. Q. Meaders, sworn
in behalf of the city, testified as follows: that he saw the de-
fendant have hold of the hand of an employee of the Georgia Rail-
way and Power Company on Saturday night, September 31; that
it was near the corner of Broad and Alabama streets; that the de-
fendant W. N. Trimble was standing behind the man he was hold-
ing by the hand; he saw W. N. Trimble committing no other act
of disorder, other than holding the man's hand as stated above.
He further testified that he does not know whether the man was
making any effort to release his hand from the hold of W. N. Trim-
ble or not.  W. N. Trimble, the defendant, made the following
statement in his defense:  "On last Saturday night, when I was
arrested, I was down town, and there was a crowd around me of
several thousand people.  It was the night of the street-car strike,
I am not a street-car striker, nor have I ever worked for the Geor-
gia Railway and Power Company, whose men were out on a strike.
If I touched the gentleman, as these men have stated, I did it un-
knowingly.  The crowd was pushing and pulling, and I was simply
trying to get out of the crowd, and it is possible that I might have
touched this man in my effort to get out, but I was not disorderly,
and had no intention of taking hold of any one."  It will be noted

that the conductor whose hand the defendant is alleged to have held at the time he is charged with the offense was not offered as a witness. It can not be said that this defendant committed any acts which would make the offense of disorderly conduct. Merely holding hands is not necessarily disorderly conduct. The evidence was not sufficient to support a conviction, and the judge of the superior court should have sustained the certiorari.

*Judgment reversed. Wade, C. J., and George, J., concur.*